UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN HOME ASSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA.,

                         Petitioners,

- and -

ALTMAN SPECIALTY PLANTS, INC.,

                         Respondent.

**ECF CASE**

08 Civ. 7504 (PGG)

**OPINION AND ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioners American Home Assurance Company ("American Home") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") (collectively, the "AIG Companies") have moved for leave to file a supplemental reply memorandum in support of their petition to compel arbitration (the "Petition") in the above-captioned action. In addition, Respondent Altman Specialty Plants, Inc. ("Altman") has requested, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the Amended Complaint that it filed on October 2, 2008 in Altman Specialty Plants, Inc. v. American Home Assurance Co., No. 08-cv-972-JVS-PJW (C.D. Cal.).

        For the reasons stated below, this Court grants the AIG Companies' motion for leave to file their October 10, 2008 supplemental reply memorandum and takes judicial notice of the Amended Complaint that Altman filed on October 2, 2008 in Altman Specialty Plants, No. 08-cv-JVS-PJW (C.D. Cal.).

## BACKGROUND

        On February 13, 2008, Altman filed a Complaint in the Superior Court of California, County of Orange, alleging "that the AIG Companies improperly set reserves and mishandled claims arising under workers' compensation insurance policies Altman purchased

from the AIG Companies." (So-Ordered Letter Agreement, Sept. 2, 2008 at 1.) Altman served the Complaint on the AIG Companies on July 29, 2008. (Declaration of Rebecca R. Weinreich, Oct. 2, 2008 ("Weinreich Decl.") ¶ 1.)

On August 25, 2008, the AIG Companies filed the Petition in this Court to compel arbitration pursuant to the terms of a payment agreement between the parties. The next day, Judge Crotty of this Court issued an Order to Show Cause, which set a briefing schedule on the Petition and directed Altman to show cause "why this Court should not issue an Order directing [Altman] to submit all disputes asserted in the Complaint to arbitration without delay. . . ." (Order to Show Cause, Aug. 26, 2008 at 3.) On August 28, 2008, the AIG Companies removed the California action to the United States District Court for the Central District of California. (Notice of Removal (Dkt. #1), Altman Specialty Plants, No. 08-cv-972-JVS-PJW (C.D. Cal. Aug. 28, 2008).)

On September 2, 2008, Judge McMahon of this Court endorsed a joint letter in which the parties: (1) amended the briefing schedule on the Petition to make Altman's opposition due September 23, 2008, with the AIG Companies' reply, if any, due October 2, 2008; (2) tolled the AIG Companies' time to respond in the California action until after this Court issues a ruling as to the underlying dispute's arbitrability;[1] and (3) barred Altman from filing "any proactive motions" in the California action — with the exception of "a motion for remand based solely on a procedural or technical defect in the AIG Companies' filing of the Notice of Removal or the Notice of Removal itself" — until this Court issues a ruling as to arbitrability. (So-Ordered Letter Agreement, Sept. 2, 2008 at 1–2.)

Following the September 23 filing of its opposition to the Petition, on October 1, 2008, Altman amended its Complaint in the California action so as to "omit[ ] any factual

---

[1] Subsequently, the United States District Court for the Central District of California ordered that the AIG Companies' time to respond to the Complaint will not commence until ten days after this Court issues a ruling on the Petition. (Order on Stipulation to Extend Time of American Home Assurance Company to Respond to Complaint (Dkt. #9), Altman Specialty Plants, No. 08-cv-972-JVS-PJW, at 1 (C.D. Cal. Sept. 11, 2008).)

allegations involving collateral or a letter of credit." (Status Report Letter of Lillian Abbott Pfohl, Oct. 2, 2008 ("Pfohl Letter") at 1.) One day later, Altman requested that this Court "take judicial notice of the Amended Complaint under Federal Rule of Evidence 201." (Id.) After submitting its October 2 reply on the Petition, on October 3, 2008, the AIG Companies sought this Court's leave to "submit a supplemental reply memorandum showing that the Amended Complaint does not constitute a reason to deny the motion to compel arbitration." (Letter of Michael S. Davis, Oct. 3, 2008 ("Davis Letter") at 1.) On October 10, 2008, the AIG Companies filed their supplemental reply memorandum in support of the Petition. Subsequently, this case was reassigned from Judge McMahon to the undersigned.

## DISCUSSION

First, this Court grants the AIG Companies' motion for leave to file the supplemental reply memorandum in support of the Petition. Given that Altman filed the Amended Complaint in the California action on October 1 — just one day before the AIG Companies' reply on the Petition was due — this Court finds that it was reasonable for the AIG Companies to file their October 10 supplemental reply to address the Amended Complaint's effect on this dispute.

Second, this Court rejects the AIG Companies' contention that Altman's filing of the Amended Complaint was a violation of this Court's September 2 order. According to the AIG Companies, "[t]he plain intent of the [September 2] So-Ordered Letter Agreement was to preclude conduct in California that would interfere with this Court's pending motion." (AIG's Supplemental Reply Mem. In Supp. of Pet. to Compel Arbitration, Oct. 10, 2008 ("AIG's Supplemental Reply") at 6.) In support of this claim, the AIG Companies rely on the following language in the September 2 So-Ordered Letter Agreement:

> . . . Altman agrees not to file any proactive motions in the California action until the New York court issues a ruling on the issue of arbitrability; however, Altman reserves its right to bring a motion for remand in the California action based solely on ay

3

>procedural or technical defect in the filing in the Notice of Removal or the Notice of Removal itself.

(So-Ordered Letter Agreement, Sept. 2, 2008 at 2.) The AIG Companies argue that Altman's "Amended Complaint is precisely the type of 'proactive motion' that was precluded" by the September 2 So-Ordered Letter Agreement. (AIG's Supplemental Reply at 5–6.)

The AIG Companies' argument fails for three reasons. First, because the AIG Companies had not served a responsive pleading to the original Complaint by October 1, 2008, it was proper for Altman to amend the Complaint without seeking its adversaries' consent or leave of court. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A); Barbara v. New York Stock Exchange, Inc., 99 F.3d 49, 53 n.3 (2d Cir. 1996) ("Rule 15(a) allows a party to amend a pleading 'once as a matter of course at any time before a responsive pleading is served . . . .'") (quoting Fed. R. Civ. P. 15(a)(1)(A)).

In construing the term "responsive pleading within the meaning of Rule 15[,]" this Court refers to Federal Rule of Civil Procedure 7(a), which "define[s] pleadings to include a complaint, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party complaint, and a third party answer." W.B. David & Co., Inc. v. De Beers Centenary AG, No. 04 Civ. 5203 (KMW), 2005 WL 3704690, at *2 (S.D.N.Y. Sept. 2, 2005) (Wood, J.) (observing that "motion to dismiss is not a responsive pleading within the meaning of Rule 15") (citing Fed. R. Civ. P. 7(a)). See also 3 James Wm. Moore et al., Moore's Federal Practice, § 15.11 (Matthew Bender 3d ed. 2007) ("The term responsive pleading is defined by reference to Rule 7(a) . . . , which distinguishes between pleadings and motions, and provides an exclusive list of what is a pleading . . . .") (alteration in original).

Neither the AIG Companies' petition of removal in the California action nor the Petition in this Court constitutes a responsive pleading to the Complaint. French v. Wachovia Bank, Nat'l Ass'n, No. 06-C-869, 2007 WL 3125277, at *1 (E.D. Wis. Oct. 23, 2007) (though defendant had removed action to federal court and successfully compelled arbitration, court

4

permitted amendment of complaint "as a matter of course" pursuant to Rule 15(a) because defendant had "never filed a responsive pleading to the original Complaint"); Beauzay v. Pacific Western Bank, No. C 94-20053 JW, 1994 WL 544436, at *2 (N.D. Cal. Sept. 28, 1994) (allowing plaintiffs to "amend complaint once as a matter of right" pursuant to Rule 15(a) because neither motion to compel arbitration nor motion to dismiss was a responsive pleading). See R.F.D. Group Ltd. v. Rubber Fabricators, Inc., 323 F. Supp. 521, 527 (S.D.N.Y. 1971) (Lasker, J.) (after removal, plaintiffs "amended their complaint as a matter of right under the provisions of Rule 15(a)"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1477 (2d ed. 1990) ("[T]here is no doubt that Rule 15(a) applies to removed actions and the parties may utilize the rule's liberal amendment policy in the same manner as if the suit had originated in a federal court."). Accordingly, under Rule 15(a), it was proper for Altman to file the Amended Complaint "as a matter of course[] in the California action." (Pfohl Letter at 1.)

Second, the AIG Companies confuse Altman's permissible amendment of a pleading with the prohibited filing of a motion. These two terms are not synonymous. See supra Moore et al., Moore's Federal Practice, § 15.11 (noting how Rule 7(a) "distinguishes between pleadings and motions"). Whereas the September 2 So-Ordered Letter Agreement prevented Altman from filing "proactive motions" in the California action, that Order was silent as to the amendment of pleadings as a matter of right. In view of this silence, as well as the presumption that pleadings are distinct from motions, the AIG Companies have not shown that the parties or this Court intended the phrase "proactive motions" to encompass the one-time amendment of pleadings as of right under Rule 15(a)(1)(A).

Third, even if the AIG Companies are correct in asserting that the September 2 So-Ordered Letter Agreement's intent was "to preclude conduct in California that would interfere with this Court's pending motion[,]" (AIG's Supplemental Reply at 6), no such conduct has occurred here. Indeed, Altman's amendment of the Complaint may facilitate a resolution of the Petition and perhaps, more generally, the parties' dispute. See Savino v. Computer Credit

5

Corp., 960 F. Supp. 599, 601 (E.D.N.Y. 1997) (granting leave to file second amended complaint, where plaintiff sought "only to delete any allegations referring to the August 28, 1995 letter, thereby narrowing the issues for trial").  By amending the Complaint to "omit[] any factual allegations involving collateral or a letter of credit[,]" (Pfohl Letter, at 1), Altman has not interfered with the pending Petition but rather has narrowed the matters in contention.

        Finally, this Court will take judicial notice of the Amended Complaint that Altman filed in the California action on October 1, 2008. Under Rule 201(b) of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Because this Court cannot reasonably question the accuracy of the docket in the California Altman action, it treats the existence and content of the Amended Complaint as judicially noticed facts.  See Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of second amended complaint in state-court lawsuit "as a public record" pursuant to Rule 201(b) of the Federal Rules of Evidence).  Accordingly, this Court grants Altman's request that it take judicial notice of the Amended Complaint under Rule 201(b) of the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, the AIG Companies' motion for leave to file a supplemental reply memorandum in support of the Petition (Docket No. 15) is GRANTED. Further, in accordance with Rule 201(b) of the Federal Rules of Evidence, this Court takes judicial notice of the Amended Complaint that Altman filed on October 2, 2008 in <u>Altman Specialty Plants</u>, No. 08-cv-JVS-PJW (C.D. Cal.).

The Clerk of the Court is directed to terminate the AIG Companies' motion for leave to file a supplemental reply memorandum (Docket No. 15).

Dated: New York, New York
       January 26, 2009

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

7